IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

No. 12-12386-EE
_____

SHANE SWIFT,
on behalf of himself and all others similarly situated,
Plaintiff-Appellee

v.

BANCORPSOUTH, INC.
Defendant-Appellant
_____

Petition from the United States District Court for
the Southern District of Florida,
Civil Action No. 09-MD-02036-JLK
_____

**PLAINTIFF-APPELLEE'S MOTION TO DISMISS APPEAL**
_____

Stephen F. Rosenthal
Aaron S. Podhurst
Robert C. Josefsberg
Steven C. Marks
Peter Prieto
John Gravente
Matthew Weinshall
Podhurst Orseck, P.A.
25 W. Flagler St.
Suite 800
Miami, FL 33130
Tel.: (305) 358-2800

Bruce S. Rogow
Bruce S. Rogow, P.A.
Broward Financial Ctr.
500 E. Broward Blvd.
Suite 1930
Ft. Lauderdale, FL 33394-30888
Tel.: (954) 767-8909

*Co-Lead Counsel for Plaintiff-Appellee*
*(Additional Counsel Listed on Signature Page)*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Plaintiff-Appellee Shane Swift certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- BancorpSouth Bank (Defendant-Appellant)

- BancorpSouth, Inc. (NYSE ticker symbol: BXS) (Defendant-Appellant and parent company of Defendant-Appellant BancorpSouth Bank)

- Baron & Budd, P.C. (counsel Plaintiff-Appellee Swift)

- Bruce S. Rogow, P.A. (counsel Plaintiff-Appellee Swift)

- Buckner, David M. (counsel Plaintiff-Appellee Swift)

- Budd, Russell W. (counsel Plaintiff-Appellee Swift)

- Burbank, Dodson & Barker PLLC (counsel for Defendant-Petitioner BancorpSouth)

- Burbank, Gary R. (counsel for Defendant-Appellant BancorpSouth)

- Chitwood Harley Harnes, LLP (counsel Plaintiff-Appellee Swift)

- Cox, Cox & Estes PLLC (counsel for Defendant-Appellant BancorpSouth)

- Cox, Walter B. (counsel for Defendant-Appellant BancorpSouth)

- Darden, David B. (counsel for Defendant-Appellant BancorpSouth)
- Elias, Jordan (counsel Plaintiff-Appellee Swift)
- Ferguson, David L. (counsel Plaintiff-Appellee Swift)
- Gaynor, Darren E. (counsel for Defendant-Appellant BancorpSouth)
- Gilbert, Robert C. (counsel Plaintiff-Appellee Swift)
- Golomb & Honik, P.C. (counsel Plaintiff-Appellee Swift)
- Gravante, III, John (counsel Plaintiff-Appellee Swift)
- Grossman Roth, P.A. (counsel Plaintiff-Appellee Swift)
- Grossman, Stuart Z. (counsel Plaintiff-Appellee Swift)
- Grunfield, Kenneth J. (counsel Plaintiff-Appellee Swift)
- Hacker, Sara C. (counsel Plaintiff-Appellee Swift)
- Heller, Roger N. (counsel Plaintiff-Appellee Swift)
- Holley, II, William J. (counsel for Defendant-Appellant BancorpSouth)
- Honik, Ruben (counsel Plaintiff-Appellee Swift)
- Josefberg, Robert C. (counsel Plaintiff-Appellee Swift)
- Kaplan, Darren T. (counsel Plaintiff-Appellee Swift)
- King, James Lawrence, Judge, United States District Judge for the Southern District of Florida
- Klase, Matthew C. (counsel Plaintiff-Appellee Swift)
- Kopelowitz Ostrow Ferguson Weiselberg Keechl (counsel Plaintiff-Appellee Swift)

- Lemond, Jr., G. Franklin (counsel Plaintiff-Appellee Swift)

- Lieff Cabraser Heimann & Bernstein L.L.P. (counsel Plaintiff-Appellee Swift)

- Marks, Steven C. (counsel Plaintiff-Appellee Swift)

- Mickle, Stephan P., Judge, United State District Judge for the Northern District of Florida

- Miles, Seth E. (counsel Plaintiff-Appellee Swift)

- Olk, Barbara E. (counsel Plaintiff-Appellee Swift)

- Ostrow, Jeffrey M. (counsel Plaintiff-Appellee Swift)

- Parker, Hudson, Rainer & Dobbs LLP (counsel for Defendant-Appellant BancorpSouth)

- Podhurst, Aaron S. (counsel Plaintiff-Appellee Swift)

- Podhurst Orseck, P.A. (counsel Plaintiff-Appellee Swift)

- Prieto, Peter (counsel Plaintiff-Appellee Swift)

- Rogow, Bruce S. (counsel Plaintiff-Appellee Swift)

- Rosenthal, Stephen F. (counsel Plaintiff-Appellee Swift)

- Sbaiti, Mazin A. (counsel Plaintiff-Appellee Swift)

- Sobol, Michael W. (counsel Plaintiff-Appellee Swift)

- Steckler, Bruce W. (counsel Plaintiff-Appellee Swift)

- Stellings, David S. (counsel Plaintiff-Appellee Swift)

- Streisfeld, Jonathan M. (counsel Plaintiff-Appellee Swift)

- Swift, Shane (Plaintiff-Appellee)

- Taylor, Eric Jon (counsel for Defendant-Appellant BancorpSouth)

- Thomas & Hickey, L.L.P. (counsel for Defendant-Appellant BancorpSouth)

- Thomas, Jr., Floyd M. (counsel for Defendant-Appellant BancorpSouth)

- Trief & Olk (counsel Plaintiff-Appellee Swift)

- Trief, Ted E. (counsel Plaintiff-Appellee Swift)

- Von Borke, Brett E. (counsel Plaintiff-Appellee Swift)

- Webb, Adam E. (counsel Plaintiff-Appellee Swift)

- Webb, Klase & Lemond, L.L.C. (counsel Plaintiff-Appellee Swift)

- Weinshall, Matthew (counsel Plaintiff-Appellee Swift)

*s/David M. Buckner*
David M. Buckner, Esq.
Fla. Bar No. 60550

# MOTION TO DISMISS APPEAL

Plaintiff-Appellee, Shane Swift (the court-appointed lead plaintiff) ("Swift"), on behalf of himself and the now-certified class which he represents, respectfully moves this Court to dismiss this Appeal as moot. Affirmative actions taken by the Defendant-Appellant, BancorpSouth Bank ("BancorpSouth") have rendered moot its appeal of the Order Denying BancorpSouth's Motion to Stay and Granting Plaintiff's Emergency Motion to Enjoin Copycat Case Under the All Writs Act ("Injunction"). Thus, this Court's jurisprudence regarding vacatur of orders that have become moot does not apply, as asserted by BancorpSouth in Argument I of its Reply Brief filed with this Court. This is not a case where fate and circumstance have conspired to deprive BancorpSouth of the opportunity to press its appeal of the Injunction. Instead, affirmative choices and actions by the Bank have rendered its appeal moot. Accordingly, Plaintiff respectfully suggests that the Court dismiss the appeal as moot.

The choices and actions by BancorpSouth supporting dismissal for mootness are as follows:

- BancorpSouth elected to abandon its arguments that the Honorable Robert T. Dawson, United States District Court Judge for Western District of Arkansas, improperly ordered the transfer of *Thomas et al v. BancorpSouth Bank* ("*Thomas*") to the Southern District of Florida pursuant to 28 U.S.C.

§1404, which BancorpSouth could have appealed to the Eighth Circuit Court of Appeal, but did not [DE # 2770-1];[1]

- On June 15, 2012 BancorpSouth affirmatively exercised a contractual right to cancel the Settlement Agreement in *Thomas* following Judge Dawson's vacatur of preliminary approval of the class settlement. BancorpSouth could have sought approval of the *Thomas* settlement from the Honorable James Lawrence King following transfer of *Thomas* to the Southern District of Florida, but did not [DE # 2770-5]; and

- By pulling out of the *Thomas* settlement, BancorpSouth at a minimum invited and encouraged the *Thomas* plaintiffs to dismiss their case, which had been filed to effectuate immediate approval of a collusive settlement targeting the MDL court's jurisdiction over *Swift*. Without the advantage of a preliminary approval order in *Thomas* prior to class certification in *Swift*, and the concomitant hope for a bar order upon final approval that would obviate *Swift*, BancorpSouth no longer had an interest in a settlement in *Thomas*. As a result of BancorpSouth's withdrawal, the plaintiffs' lawyers it found to join it in this improper, collusive bargain apparently no longer had

---

[1] If BancorpSouth argues the Injunction prevented it from taking an appeal of the transfer ruling in *Thomas*, Swift points out that BancorpSouth could have sought limited relief from the Injunction to pursue such the appeal. The District Court had previously granted BancorpSouth limited relief from the Injunction to challenge the JPML's Conditional Transfer Order. [DE # 2653].

2

a reason to expend even the minimal effort they had to date, because their plan for a quick payday was gone.

BancorpSouth's decision to cancel the *Thomas* settlement is the most important of these actions because it demonstrates that BancorpSouth affirmatively chose not to try to complete a settlement with the *Thomas* plaintiffs on the terms negotiated, and to instead litigate *Swift*, which had become a certified class action on May 4, 2012. [DE # 2673]. BancorpSouth took the position that the settlement class in *Thomas* was broader than that in *Swift*. *Thomas* was filed for the primary, if not sole, purpose of trying to get a pre-negotiated settlement approved with a bar order that would end the Bank's liability. The *Thomas* parties had previously agreed to the voluntary dismissal of a state court putative class action for the purpose of covertly discussing settlement.

BancorpSouth's Reply Brief cites case law in which this Court vacated orders as a result of mootness, but ignores other case law which stands for the proposition that dismissal without vacatur is proper when the appellant has acted in a manner which moots the appeal. For example, in *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340 (11th Cir. 2001), cited by BancorpSouth, this Court reiterated that when an appeal of the merits of an adverse ruling is "frustrated by the vagaries of circumstance," the appellant need not be forced to "acquiesce in the judgment." However, such is not the case here.

*Atlanta Gas Light Co. v. F.E.R.C.*, 140 F.3d 1392 (11th Cir. 1998), is instructive as to the standard to be applied here and is cited in *Al Najjar*. In that case, the Court noted that equitable considerations underlie a decision to vacate an order that has become moot. United States Supreme Court precedent for vacating moot orders focuses on circumstances in which "'[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.'" *Id.* at 1403 (quoting *U.S. Bancorp Mort. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994)).

Here, the Injunction against BancorpSouth's participation in *Thomas* served its full purpose, which was to stop copycat litigation and the violations of district court and JPML rules that required disclosure of *Thomas* (and the predecessor *Lawson v. BancorpSouth* state court action) as soon as it was filed. Having appealed the Injunction with a request for expedited consideration, and further requested a stay of the Injunction, all in an effort to conclude the *Thomas* settlement, equity does not favor BancorpSouth. It should not benefit from an order technically mooting the Injunction, particularly where the district court's factual findings in the Injunction order underpin a pending motion for sanctions against BancorpSouth and its counsel. The vagaries of circumstance did not lead to a moot Injunction. BancorpSouth, caught in the act, mooted its appeal to avoid the consequences. Even as it seeks vacatur, it offers no promises that it will not go

out and try to do the exact same thing again. This is one reason why its appeal should be dismissed without vacatur.

The need for the Injunction was abated by BancorpSouth's own decision to cancel the *Thomas* settlement after Judge Dawson became aware of the Injunction and the Bank's misconduct, and decided to vacate his preliminary approval order and transfer the case. As noted above, BancorpSouth could have tried to continue with the *Thomas* settlement, if it believed the settlement was fair and reasonable for its customers and would pass judicial scrutiny. It could have challenged the propriety of the transfer order by appealing to the Eighth Circuit Court of Appeals as well. Instead, BancorpSouth took contrary actions, which mooted the necessity for the Injunction. It did so because it knew that its settlement would never pass muster once all of the facts were known to the ultimate decision maker.

An analogy can be drawn from the decision in *Karcher v. May*, 484 U.S. 72, 83 (1987). In that case, the Supreme Court dismissed an appeal for want of jurisdiction instead of vacating the appealed order. The appeal concerned a New Jersey statute declared unconstitutional, in which the two highest ranking legislators, in their official capacities on behalf of the New Jersey Legislature, intervened in the lawsuit and then lost their posts as presiding legislative officers during the appeal. Their successors chose not to have the legislature pursue the appeal. Applying the seminal case on vacatur due to mootness, *United States v.*

*Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S. Ct. 104, 106, 95 L. Ed. 36 (1950), the Supreme Court concluded that "[t]he controversy did not become moot ***due to circumstances unattributable to any of the parties***. The controversy ended when the losing party – the New Jersey Legislature – declined to pursue its appeal." *Karcher*, 484 U.S. at 83 (emphasis added). Similarly, the appeal of the Injunction here became moot when BancorpSouth, the losing party, abandoned its effort to rush through the *Thomas* settlement by canceling it in lieu of pursuing an appeal of the transfer order or moving to try to have the settlement approved in the new venue.

Unlike the circumstances in *Atlanta Gas*, which led this Court to conclude that the appellee would not be harmed by vacatur of the subject orders, BancorpSouth and its counsel would be relieved of an order that is premised on sanctionable violations of court rules. BancorpSouth intentionally tried to use a collusive settlement in a copycat action outside the purview of the appointed MDL court to collaterally undermine (and, it hoped, terminate) long-running, heavily litigated class action litigation that was on the brink of class certification.

A sanctions motion is pending in the District Court against BancorpSouth and its counsel because of its violation of these rules and the tremendous expense incurred by Swift in addressing the copycat *Thomas* litigation. [DE # 2791]. That expense would have been avoided had BancorpSouth and its counsel complied

6

with its obligation to timely disclose *Thomas* to the District Court, JPML, and Swift, so that timely consideration could be given to including *Thomas* in the MDL where it belonged. Of course, that is the last thing that BancorpSouth wanted. No doubt BancorpSouth will attempt to oppose the sanctions motion by arguing the vacatur of the Injunction, if ordered by this Court. Notably, BancorpSouth's Reply Brief arguing that the Injunction should be vacated on mootness grounds post-dates the filing of the sanctions motion by three days.

In *Constangy, Brooks & Smith v. NLRB*, 851 F.3d 839, 842 (6th Cir. 1988), the Sixth Circuit Court of Appeals refused to vacate a FOIA order with which the appellant complied during the pendency of the appeal, thereby mooting the relief sought on appeal. In deciding to merely dismiss the appeal, the Sixth Circuit noted that the appellee had a motion for attorney's fees pending before the district court, the "disposition of which joins in issue Constangy's success in pursuing the action for production of documents pursuant to the FOIA in the trial court." *Id.* Similar reasoning should be applied here so that the district court may resolve Swift's sanctions motion with the Injunction intact.

Although Swift clearly believes that the District Court retains jurisdiction to sanction BancorpSouth and its counsel for the rule violations noted in the Injunction, this Court should leave the Injunction in place and simply dismiss this appeal. Equity demands such treatment of the Injunction. Further, absent a

7

substantive determination that the District Court abused its discretion by entering the Injunction, the Injunction should remain of record in this litigation. The parties are in the process of completing merits and expert discovery in preparation for trial, and it would be unjust for the record to be wiped clean of the Injunction by an order vacating it. It might also encourage the Bank, in its desperation, to try the same gambit again.

For the foregoing reasons, Swift respectfully requests dismissal of this appeal without vacating the Injunction rendered moot by BancorpSouth's conduct.

Respectfully submitted,

*s/David M. Buckner*
David M. Buckner, Esq.
Fla. Bar No. 60550

| | | |
|---|---|---|
| Stephen F. Rosenthal<br>Aaron S. Podhurst<br>Robert C. Josefsberg<br>Steven C. Marks<br>Peter Prieto<br>John Gravente<br>Matthew Weinshall<br>Podhurst Orseck, P.A.<br>25 W. Flagler St.<br>Suite 800<br>Miami, FL 33130<br>Tel.: (305) 358-2800 | Bruce S. Rogow<br>Bruce S. Rogow, P.A.<br>Broward Financial Ctr.<br>500 E. Broward Blvd.<br>Suite 1930<br>Ft. Lauderdale, FL 33394<br>Tel.: (954) 767-8909<br><br>Jeffrey M. Ostrow<br>Jonathan M. Streisfeld<br>Kopelowitz Ostrow P.A.<br>200 S.W. First Avenue<br>12th Floor<br>Fort Lauderdale, FL 33301<br>Tel: (954) 525-4100 | David M. Buckner<br>Stuart Z. Grossman<br>Robert C. Gilbert<br>Seth E. Miles<br>Grossman Roth, P.A.<br>225 Ponce de Leon Blvd.<br>Suite 1150<br>Coral Gables, FL 33134<br>Tel.: (305) 442-8666<br><br>Darren T. Kaplan<br>Chitwood Harley Harnes LLP<br>2300 Promenade II<br>1230 Peachtree Street<br>Atlanta, GA 30309<br>Tel: (404) 873-3900 |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing to: Eric Jon Taylor, Esq., ejt@phrd.com, William J. Holley, II, Esq., wjh@phrd.com, David B. Darden, Esq., dbd@phrd.com, Darren E. Gaynor, Esq., deg@phrd.com, Parker Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Ave., N.E., Atlanta, Georgia 30303.

*s/David M. Buckner*
David M. Buckner, Esq.
Fla. Bar No. 60550