Case No. 12-12386-EE

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

## In re: CHECKING ACCOUNT OVERDRAFT LITIGATION:

Shane Swift,
on behalf of himself and all others similarly situated,
Plaintiff-Appellee,

v.

BancorpSouth, Inc.,
Defendant-Appellant.

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:09-MD-2036-JLK
Secondary Case No. 1:10-CV-23872-JLK

---

## APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL

---

Eric Jon Taylor, Esq.
William J. Holley, II, Esq.
David B. Darden, Esq.
Darren E. Gaynor, Esq.

Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Ave., N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5300
Facsimile: (404) 522-8409

Attorneys for Defendant-Appellant

## CORPORATE DISCLOSURE STATEMENT
## AND CERTIFICATE OF INTERESTED PERSONS

In accordance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Defendant-Appellant BancorpSouth Bank[1] ("BancorpSouth") certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- BancorpSouth Bank (Defendant-Appellant)

- BancorpSouth, Inc. (NYSE ticker symbol: BXS) (Defendant-Appellant and parent company of Defendant-Appellant BancorpSouth Bank)

- Baron & Budd, P.C. (counsel Plaintiff-Appellee Swift)

- Bruce S. Rogow, P.A. (counsel Plaintiff-Appellee Swift)

- Buckner, David M. (counsel Plaintiff-Appellee Swift)

- Budd, Russell W. (counsel Plaintiff-Appellee Swift)

- Burbank, Dodson & Barker PLLC (counsel for Defendant-Appellant BancorpSouth)

---

[1] BancorpSouth, Inc. was not a proper party below. Counsel for Swift and BancorpSouth Bank discussed the proper BancorpSouth entity to name in this matter in 2010, and Swift properly identified the defendant-appellant herein as BancorpSouth Bank in his Second Amended Complaint (S.D. Fla. DE # 994).

- Burbank, Gary R. (counsel for Defendant-Appellant BancorpSouth)

- Chitwood Harley Harnes, LLP (counsel Plaintiff-Appellee Swift)

- Cox, Cox & Estes PLLC (counsel for Defendant-Appellant BancorpSouth)

- Cox, Walter B. (counsel for Defendant-Appellant BancorpSouth)

- Crowder, William T. (counsel for Melvin L. Thomas III and Billy D. Lawson, Jr., and class counsel for a certified class pending in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Darden, David B. (counsel for Defendant-Appellant BancorpSouth)

- Dawson, Robert T., Judge, United State District Judge for the Western District of Arkansas

- Elias, Jordan (counsel Plaintiff-Appellee Swift)

- Emerson, John G. (counsel for Melvin L. Thomas III and Billy D. Lawson, Jr., and class counsel for a certified class pending in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Emerson Poynter LLP (counsel for Melvin L. Thomas III and Billy D. Lawson, Jr., and class counsel for a certified class pending in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Ferguson, David L. (counsel Plaintiff-Appellee Swift)

- Gaynor, Darren E. (counsel for Defendant-Appellant BancorpSouth)

- Gilbert, Robert C. (counsel Plaintiff-Appellee Swift)

- Golomb & Honik, P.C. (counsel Plaintiff-Appellee Swift)

- Gravante, III, John (counsel Plaintiff-Appellee Swift)

- Grossman Roth, P.A. (counsel Plaintiff-Appellee Swift)

- Grossman, Stuart Z. (counsel Plaintiff-Appellee Swift)

- Grunfield, Kenneth J. (counsel Plaintiff-Appellee Swift)

- Hacker, Sara C. (counsel Plaintiff-Appellee Swift)

- Heller, Roger N. (counsel Plaintiff-Appellee Swift)

- Holley, II, William J. (counsel for Defendant-Appellant BancorpSouth)

- Honik, Ruben (counsel Plaintiff-Appellee Swift)

- Jennings, Christopher D. (counsel for Melvin L. Thomas III and Billy D. Lawson, Jr., and class counsel for a certified class pending in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Josefberg, Robert C. (counsel Plaintiff-Appellee Swift)

- Kaplan, Darren T. (counsel Plaintiff-Appellee Swift)

- King, James Lawrence, Judge, United States District Judge for the Southern District of Florida

- Klase, Matthew C. (counsel Plaintiff-Appellee Swift)

- Kopelowitz Ostrow Ferguson Weiselberg Keechl (counsel Plaintiff-Appellee Swift)

- Lawson, Jr., Billy D. (plaintiff in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Lemond, Jr., G. Franklin (counsel Plaintiff-Appellee Swift)

- Lieff Cabraser Heimann & Bernstein L.L.P. (counsel Plaintiff-Appellee Swift)

- Marks, Steven C. (counsel Plaintiff-Appellee Swift)

- McGaha, Corey D. (counsel for Melvin L. Thomas III and Billy D. Lawson, Jr., and class counsel for a certified class pending in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Mickle, Stephan P., Judge, United State District Judge for the Northern District of Florida

- Miles, Seth E. (counsel Plaintiff-Appellee Swift)

- Olk, Barbara E. (counsel Plaintiff-Appellee Swift)

- Ostrow, Jeffrey M. (counsel Plaintiff-Appellee Swift)

- Parker, Hudson, Rainer & Dobbs LLP (counsel for Defendant-Appellant BancorpSouth)

- Podhurst, Aaron S. (counsel Plaintiff-Appellee Swift)

- Podhurst Orseck, P.A. (counsel Plaintiff-Appellee Swift)

- Poynter, Scott E. (counsel for Melvin L. Thomas III and Billy D. Lawson, Jr., and class counsel for a certified class pending in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Prieto, Peter (counsel Plaintiff-Appellee Swift)

- Rogow, Bruce S. (counsel Plaintiff-Appellee Swift)

- Rosenthal, Stephen F. (counsel Plaintiff-Appellee Swift)

- Sbaiti, Mazin A. (counsel Plaintiff-Appellee Swift)

- Sobol, Michael W. (counsel Plaintiff-Appellee Swift)

- Steckler, Bruce W. (counsel Plaintiff-Appellee Swift)

- Stellings, David S. (counsel Plaintiff-Appellee Swift)

- Swift, Shane (Plaintiff-Appellee)

- Taylor, Eric Jon (counsel for Defendant-Appellant BancorpSouth)

- Thomas, III, Melvin L. (plaintiff in *Thomas v. BancorpSouth Bank*, 1:12-cv-01016-RTD (W.D. Ark.))

- Thomas & Hickey, L.L.P. (counsel for Defendant-Appellant BancorpSouth)

- Thomas, Jr., Floyd M. (counsel for Defendant-Appellant BancorpSouth)

- Trief & Olk (counsel Plaintiff-Appellee Swift)

- Trief, Ted E. (counsel Plaintiff-Appellee Swift)

- Von Borke, Brett E. (counsel Plaintiff-Appellee Swift)

- Webb, Adam E. (counsel Plaintiff-Appellee Swift)

- Webb, Klase & Lemond, L.L.C. (counsel Plaintiff-Appellee Swift)

- Weinshall, Matthew (counsel Plaintiff-Appellee Swift)

**<u>INTRODUCTION</u>**

The Motion to Dismiss the Appeal filed by Plaintiff-Appellee Shane Swift ("Swift") demonstrates with crystal clarity why this Court has adopted the bright-line rule that whenever an appeal is dismissed as moot, the underlying order must be vacated. That rule ensures than an erroneous order that may become moot, but still causes negative consequences, does not remain in place, escaping appellate review.

Here, Swift is remarkably transparent in his quest to have such an erroneous order escape review so that, by his own admission, he can seek sanctions based solely on its flawed findings. Swift argues that this is acceptable because BancorpSouth somehow created the mootness at issue. Not only does this contradict the policy behind this Court's mootness rule, it is simply false. The Arkansas District Court's decertification and transfer order and the *Thomas/Lawson* plaintiffs' voluntary dismissal mooted this appeal—not any act taken by Defendant-Appellant BancorpSouth Bank ("BancorpSouth"). Thus, BancorpSouth respectfully requests that the Court deny Swift's Motion to Dismiss the Appeal.[2]

---

[2] The factual background for and capitalized terms used in this brief are found in BancorpSouth's Appellant's Brief.

## ARGUMENT AND CITATION OF AUTHORITIES

**A.   The Court should not uphold an erroneous order for Swift to use against BancorpSouth.**

Swift's strategy is clear: convince this Court to dismiss the appeal without vacating the Injunction Order so that Swift may use the erroneous unreviewed order, drafted by his counsel, against BancorpSouth in a meritless motion for sanctions pending below.[3] (Mtn. to Dismiss at 4, 6, 7).  In effect, Swift wants to use mootness as a shield in this Court and as a sword in the Florida District Court. But he cannot have it both ways.

This is the exact situation the Court's mootness doctrine was designed to protect against. Vacatur of a moot order is necessary "to prevent it from 'spawning any legal consequences.'" *Blue Cross & Blue Shield v. Nielsen*, 142 F.3d 1375, 1376 (11th Cir. 1998). Swift desires exactly that: to subject BancorpSouth to the legal consequences of an erroneous order while shielding that order from this Court's review.[4] But Swift exposes the inherent fault in his plan when he asks the

---

[3] The briefing on Swift's motion for sanctions has been stayed pending the parties' upcoming mediation. (S.D. Fla. DE # 2828).

[4] Swift's attempt to use *Constangy, Brooks, & Smith v. NLRB*, 851 F.2d 839 (6th Cir. 1988), to support this point is misguided. The appealed-from order in *Constangy* was a motion to compel production of documents. *Id.* at 840. Under the Federal Rule 37, a party prevailing on a motion to compel may be entitled to attorneys' fees. Fed. R. Civ. P. 37(a)(5). If the Sixth Circuit had vacated the order to compel, the entire basis for the motion for attorneys' fees would likewise be vacated. The same is not true here. Vacating the injunction order does not, by its

Court to dismiss the appeal without vacatur, but in the same breath admits that he "clearly believes that the District Court retains jurisdiction to sanction BancorpSouth and its counsel . . ." (Mtn. to Dismiss at 7).[5]

Much of Swift's argument, furthermore, is based on his mistaken belief that because the appeal now is moot, the Injunction Order was proper. To the contrary, the Arkansas District Court's order that decertified the *Thomas/Lawson* class and transferred to case to the Florida District Court (the "Decertification Order") did **not** validate the Injunction Order or somehow confer retroactive jurisdiction on the Florida District Court to support an All Writs Act injunction. Nor did it cure the clear errors in fact-finding that were detailed in Appellant's Brief. (Appellant's Br. at 14–18). BancorpSouth's legal arguments were correct before the Decertification Order and they are still correct even if they are moot.[6]

---

very nature, vacate the (flawed) basis for Swift's motion for sanctions. Swift even argues this point. (Mtn. to Dismiss at 7) ("Swift clearly believes that the District Court retains jurisdiction to sanction BancorpSouth and its counsel. . .").

[5] Even worse, Swift's motion is filled with grossly inappropriate rhetoric and misrepresentations of the facts to taint this Court's perception of the case. For example, not even the Injunction Order (drafted by Swift's counsel) finds that the Arkansas settlement was "collusive." (S.D. Fla. DE # 2666 at 11). To the contrary, the only record evidence shows otherwise. (*See* Hamlin Decl., S.D. Fla. DE # 2620-1 ¶¶ 7–9; Gomlicker Decl., S.D. Fla. DE # 2620-2 ¶ 6.) Yet Swift still persists with this demonstrably untrue argument. This is just one example why the Injunction Order below must be vacated.

[6] Likewise, Swift's argument regarding "equitable considerations" (Mtn. to Dismiss at 4) is based on the assumption that the Injunction Order—the very order

Swift is asking this Court to prevent BancorpSouth from exercising its due process rights again. The Injunction Order erroneously forbade BancorpSouth from defending itself in another case, and now Swift asks this Court to deny BancorpSouth's appeal of that order without ever reaching the merits of BancorpSouth's arguments—all while leaving the underlying order unreviewed but intact. This offends basic due process principles and fairness. Swift's Motion to Dismiss the Appeal should be denied.

## B. BancorpSouth did not moot the appeal.

Swift's primary argument—that BancorpSouth somehow caused the appeal to become moot—is caused by a misunderstanding of the legal circumstances of this case. First, Swift does not explain *how* the termination of the settlement agreement caused the appeal to be moot. Second, the Arkansas District Court's Decertification Order and the subsequent voluntary dismissal of the *Thomas/Lawson* case mooted the appeal by itself. Any actions BancorpSouth may have taken as a result of the Decertification Order does not change this fact. Third, Swift's novel legal theory that would require BancorpSouth to take affirmative steps to "un-moot" an appeal has no basis whatsoever and, in any event, all of his "proposals" for actions that BancorpSouth should have taken are fatally flawed.

on appeal—was proper. As demonstrated throughout BancorpSouth's briefing, that is simply not so.

Because it has no basis in law or fact, Swift's Motion to Dismiss the Appeal should be denied.

1. <u>Swift does not explain how the termination of the settlement agreement caused the appeal to be moot</u>.

One of the fatal flaws in the Motion to Dismiss the Appeal is that Swift never explains *how* the settlement termination caused the appeal to be moot. Conspicuously absent from each of Swift's arguments that the settlement termination mooted the appeal (Mtn. to Dismiss at 2, 3, 5, 6), is any explanation as to how the end of the settlement mooted the appeal of an Injunction Order that prohibited BancorpSouth from participating in **all aspects of the *Thomas/Lawson* case, not just settlement**. (*See* Injunction Order, Doc. 2666 at 17) (enjoining BancorpSouth from "engaging in **any further proceedings** in the later-filed *Thomas* action . . . ") (emphasis added). There is simply no causal connection between the termination of the *Thomas/Lawson* settlement and this appeal's mootness.

Indeed, if the *Thomas/Lawson* case were still pending in the Arkansas District Court and BancorpSouth terminated the settlement agreement there, this appeal of the Injunction Order would **not** be moot. BancorpSouth would still be

barred from participating in that action.[7] Thus, it makes no sense to suggest, as Swift does, that simply transferring the case to the Florida District Court somehow causes a settlement termination to moot this appeal.

Finally, even if it could somehow moot the appeal, Swift's argument that BancorpSouth affirmatively exercised its contractual right to terminate the settlement agreement is not accurate. Although BancorpSouth sent a precautionary letter terminating the settlement, the settlement agreement **automatically terminated by its own terms** as a result of the Decertification Order prior to the date of the letter.[8] (*See* Settlement Agreement and Release, S.D. Fla. DE # 2605-10, ¶ C.1) ("Should the Court not finally approve Settlement of the Action pursuant to the terms of this Settlement Agreement . . . then the Action shall return to its pre-Settlement status . . ."). Because the Arkansas District Court (defined as "Court" in the settlement agreement) did not finally approve the settlement by vacating the preliminary approval of the settlement, decertifying the class, and transferring the case, the settlement of the *Thomas/Lawson* action was no longer

---

[7] The same held true after the transfer of *Thomas/Lawson* to the Florida District Court. BancorpSouth was absolutely prohibited in engaging in "any further proceedings" in *Thomas/Lawson* even in the Florida District Court.

[8] Out of an abundance of caution, BancorpSouth sent a letter dated June 15, 2012 to the plaintiffs' counsel in *Thomas/Lawson* terminating the settlement agreement. The letter was intended to make the termination clear and request a return of the settlement funds. In light of the automatic termination, the letter was not the *cause* of the termination.

valid. Thus, even if the termination of the settlement agreement somehow mooted the appeal, it occurred automatically with no action required or taken by BancorpSouth.

2. The class decertification, transfer of the *Thomas/Lawson* case, and subsequent dismissal mooted the appeal.

The Florida District Court's Injunction Order was improper at the time and should have been vacated by the Court after the appeal. But the Arkansas District Court's Decertification Order and the *Thomas/Lawson* plaintiffs' subsequent dismissal of the case—not the automatic settlement termination—prevented that.

The *Thomas/Lawson* class certification and the subsequent notice is what gave the Arkansas District Court jurisdiction over the *Thomas/Lawson* class. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12, 105 S. Ct. 2965, 2974 (1985). Because the Arkansas District Court had jurisdiction over Thomas, Lawson, and the entire class—while the Florida District Court only had jurisdiction over Swift himself—the Florida District Court should not have issued an injunction under the All Writs Act. The Arkansas District Court was the only court with jurisdiction over those parties.[9] But the Arkansas District Court's

---

[9] Because notice to the *Swift* class has not gone out, the Florida District Court **still** does not have jurisdiction over the unnamed class members. A court may only assert jurisdiction over unnamed class members **after** it has certified the class and provided the due process protections afforded by Rule 23. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12, 105 S. Ct. 2965, 2974 (1985); *Smith v. Bayer Corp.*, ___ U.S. ___, 131 S. Ct. 2368, 2382 (2011); *In re Ford*

Decertification Order mooted that fact, which was the one of the primary bases for this appeal. By decertifying the *Thomas/Lawson* class and transferring the individual plaintiffs' case, the Arkansas District Court deprived itself of jurisdiction over the unnamed *Thomas/Lawson* class members and Thomas and Lawson themselves. Thus, the Arkansas District Court's loss of jurisdiction worked to make one of the key issues remaining in this appeal moot.

But the appeal was finally moot only when the *Thomas/Lawson* plaintiffs voluntarily dismissed their case after it was transferred to the Florida District Court. Obviously, the dismissal of the *Thomas/Lawson* case mooted an order that prevented BancorpSouth from participating in the *Thomas/Lawson* case. Thus, the combination of the class decertification, the transfer of *Thomas/Lawson* to the Florida District Court, and the *Thomas/Lawson* plaintiffs' dismissal of their case all worked together to moot all aspects of this appeal. Most significantly, none of these actions were in any way caused by BancorpSouth.

3.    Swift's novel legal theory has no basis whatsoever.

Swift's arguments about what BancorpSouth "could have done" to "un-moot" the appeal have no basis whatsoever. (Mtn. to Dismiss at 2, 5). *Karcher v. May*, 484 U.S. 72, 108 S. Ct. 388 (1987), **does not support Swift's theory that**

---

*Motor Co.*, 471 F.3d 1233, 1245 (11th Cir. 2006); *Dykes v. Hosemann*, 743 F.2d 1488, 1496 (11th Cir. 1984).

**BancorpSouth should have taken affirmative steps to "un-moot" the appeal after it has already been mooted**.[10] Leaving aside the lack of support for Swift's novel theory, however, BancorpSouth neither could have appealed the Decertification Order to the Eighth Circuit nor sought approval of the settlement in the Florida District Court.

> *a.    BancorpSouth could not have appealed.*

BancorpSouth could not have appealed the Decertification Order to the Eighth Circuit. Ignoring for the moment the fact that (a) BancorpSouth was prevented by the Injunction Order from appealing the transfer order, and (b) an interlocutory appeal of a transfer order likely is not appealable,[11] **the appeal period had not expired** when Thomas and Lawson voluntarily dismissed their

---

[10] In *Karcher*, the previous legislative officials in charge of the case tried to pursue the appeal of the case, but were denied because they were no longer the proper officials. 484 U.S. at 82–83. As a last ditch effort, the previous officials argued that, because they could no longer appeal the subject order, it was unreviewable and should be vacated as moot. *Id.* The Supreme Court rejected this argument for the obvious reason: the subject order *was* reviewable if the successor legislative officials chose to appeal. *Id.* The appeal was moot only because the *proper* party chose not to pursue it. *Id.* In stark contrast, BancorpSouth never declined to pursue its appeal of the Injunction Order.

[11] *See, e.g.*, *United States Fire Ins. Co. v. American Family Life Assurance Co.*, 787 F.2d 438, 439 (8th Cir. 1986) (dismissing appeal of transfer order because it is interlocutory and not appealable as a final judgment under 28 U.S.C. § 1291).

case in the Florida District Court.[12] Thus, even if BancorpSouth planned to appeal, it could not because the case was dismissed during the appeal period.

        *b.*     *BancorpSouth could not have sought approval of the settlement in the Florida District Court.*

Swift's argument that BancorpSouth should have sought approval of the *Thomas/Lawson* settlement in the Florida District Court is equally mistaken. Leaving aside the fact that the settlement automatically terminated by its own terms, the Florida District Court did not have personal jurisdiction over BancorpSouth,[13] or Thomas and Lawson (both Arkansas residents). Thus, it would have been futile to pursue any remedy—including a settlement—in that court. Anything the Florida District Court did in that case would have been null and void for lack of personal jurisdiction. *See, e.g.*, *Dykes v. Hosemann*, 743 F.2d 1488, 1497 (11th Cir. 1984) ("When a court acts without personal jurisdiction, its

---

[12] The Arkansas District Court's Decertification was entered on June 8, 2012 (W.D. Ark. DE # 40) and the voluntary dismissal of Thomas and Lawson was entered on June 22, 2012 (*see* No. 1:12-CV-22180-JLK, DE # 45) (S.D. Fla. June 22, 2012). Thus, there was at least **16 days remaining in the appeal period**. *See* Fed. R. App. P. 4(a)(1)(A) (providing 30 days to file notice of appeal).

[13] BancorpSouth has no branches in the Southern District of Florida and is not subject to the personal jurisdiction of that court. The Florida District Court only has temporary jurisdiction over this case due to the JPML transfer under 28 U.S.C. § 1407. The portion of the Decertification Order that transferred the *Thomas/Lawson* case to the Florida District Court under 28 U.S.C. § 1404 was not proper because such a transfer can be made only to a "district or division where [a case] might have been brought" or if the parties consent, pursuant to 28 U.S.C. § 1404(a). The case could not have been brought in the Florida District Court and BancorpSouth did not consent to the transfer.

authority is as much a usurped authority as when the court acts without subject matter jurisdiction."). Thomas and Lawson dismissed their case before BancorpSouth was able to file a motion to dismiss for lack of personal jurisdiction in the Florida District Court.

        c.    *Swift's suggestions about what BancorpSouth should have done are contradictory.*

Even worse, Swift's proposals about what BancorpSouth could or should have done to "un-moot" the appeal contradicts the arguments he has made to this Court. Throughout the briefing below and in this Court, Swift has argued that the mere unilateral filing of his motion for an injunction in the Florida District Court should have caused BancorpSouth to disobey the Arkansas District Court's initial class certification order in order to effectively scuttle the preliminarily-approved *Thomas/Lawson* settlement. (*See, e.g.*, Appellee's Br. at 8–9). Now, after the Arkansas District Court did exactly that, Swift spins 180 degrees, arguing that BancorpSouth should have done everything it could to save the *Thomas/Lawson* settlement.[14] (Mtn. to Dismiss at 1–2). Swift should not be allowed to argue out of both sides of his mouth.

---

[14] Swift argues that Judge Dawson entered the Decertification Order after he "became aware of the Bank's misconduct." (Mtn. to Dismiss at 5). This is simply another example of Swift's aggressive advocacy masquerading as fact. There is absolutely no support in the record for Swift's inappropriate speculation.

The Arkansas District Court's Decertification Order and the dismissal of *Thomas/Lawson* mooted the appeal of the improper Injunction Order, drafted by opposing counsel and riddled with errors. BancorpSouth "should not be forced to acquiesce in the district court's judgment without having a chance for the merits of that judgment to be resolved on appeal." *Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Accordingly, pursuant to this Court's practice, the Injunction Order below should be vacated. *See, e.g.*, *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Under our precedent, when a case becomes moot on appeal, [we] must not only dismiss the case, but also vacate the district court's order.").[15]

---

[15] Throughout the Motion to Dismiss the Appeal, Swift's baselessly speculates that the Injunction Order is necessary to prevent BancorpSouth from settling the *Thomas/Lawson* case again (despite simultaneously arguing that BancorpSouth should try to revive the settlement in the Florida District Court). Even if Swift's speculation were true, this is not enough to grant an exception to the mootness doctrine. "The exception can be invoked only when '(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.'" *Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Neither of these conditions are met here. Indeed, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Id.*; *Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1463 (11th Cir. 1987) (explaining that potential for harm must be more than "speculative" for mootness exception to apply).

## CONCLUSION

Once the Court strips away Swift's baseless accusations and arguments, there is nothing left for Swift to stand on. Swift never explains how the settlement termination mooted the appeal. Instead, the Arkansas District Court's order and the *Thomas/Lawson* dismissal mooted this appeal, and all of Swift's proposals for BancorpSouth to "un-moot" the appeal fall flat. Swift should not be allowed to attack BancorpSouth with an unreviewable erroneous order that his counsel drafted. Accordingly, BancorpSouth respectfully requests that the Court deny Swift's Motion to Dismiss the Appeal and, instead, vacate the Injunction Order as moot.

Respectfully submitted, this 6th day of August, 2012.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Eric Jon Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5300
Facsimile: (404) 522-8409

*Counsel for Defendant-Appellant*
*BancorpSouth Bank*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL** upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage, prepaid, addressed to counsel of record as follows:

**Jeffrey M. Ostrow**
**Jonathan M. Streisfeld**
Kopelowitz Ostrow Ferguson
Weiselberg Keechl
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, Florida 33301
ostrow@kolawyers.com
streisfeld@kolawyers.com

**Aaron S. Podhurst**
**Stephen F. Rosenthal**
Podhurst Orseck, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, Florida 33130
apodhurst@podhurst.com
srosenthal@podhurst.com

**Bruce S. Rogow**
Bruce S. Rogow, P.A.
500 E. Broward Boulevard, Suite 1930
Fort Lauderdale, Florida 33394
brogow@rogowlaw.com

**Robert C. Gilbert**
**David M. Buckner**
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard, 11th Fl.
Coral Gables, Florida 33134
rcg@grossmanroth.com
dbu@grossmanroth.com

**E. Adam Webb**
**G. Franklin Lemond, Jr.**
Webb, Klase, & Lemond, LLC
1900 The Exchange SE, Suite 480
Atlanta, Georgia 30339
adam@webbllc.com
flemond@webbllc.com

This 6th day of August, 2012.

*/s/ Eric Jon Taylor*
Eric Jon Taylor

15